Michael J. Wise, Bar No. 143501
MWise@perkinscoie.com
Joseph P. Hamilton, Bar No. 211544
JHamilton@perkinscoie.com
PERKINS COIE LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA  90404-4013
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Plaintiff
INVITROGEN CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVITROGEN CORPORATION, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, a Massachusetts corporation,<br><br>　　　　　　　Defendant. | Case No. 07CV0878 WQH (POR)<br><br>**MEMORANDUM OF POINTS AN AUTHORITIES IN SUPPORT OF INVITROGEN'S MOTION TO COMPEL DISCOVERY**<br><br>The Honorable Louisa S. Porter<br>Location:  Courtroom H, 1st Floor<br>Date:  September 20, 2007<br>Time:  3:00 p.m. |

## I.　INTRODUCTION

On July 2, 2007, Defendant President and Fellows of Harvard College ("Harvard") moved to dismiss for lack of jurisdiction and venue. (Def.'s Mem. Supp. Mot. Dismiss. Ex. 5 at 9:11 ("Motion to Dismiss").)  On July 17, 2007, Plaintiff Invitrogen Corporation ("Invitrogen") served document requests, interrogatories and a 30(b)(6) deposition notice regarding jurisdiction and venue on Harvard.  Harvard failed to respond to Invitrogen's discovery requests pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and failed to produce a deponent pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.[1]  Invitrogen moves for an order denying

---

[1] Harvard offered responses to each discovery request for the first time in a draft of the Joint Discovery Conference Statement sent to Invitrogen on Thursday, September 13, 2007.  E-mail from G. Quillen to J. Hamilton (Sept. 13, 2007) Ex. 10.  The responses were not properly served or in compliance with the Federal Rules of Civil Procedure.  The responses are included in the Joint Discovery Conference Statement at Harvard's insistence and over Invitrogen's Objection.

Harvard's Motion to Dismiss as a sanction for Harvard's failure to provide discovery related to the motion, or in the alternative, an order compelling Harvard to produce discovery in response to Invitrogen's discovery requests for the following reasons: (A) the present action is not subject to the discovery hold set forth in Rule 26(d); (B) Invitrogen has narrowly tailored its discovery requests to pertinent facts bearing on the question of Harvard's challenge to jurisdiction and venue in this district; and (C) in the alternative, if the present action were deemed subject to the discovery hold set forth in Rule 26(d), the Court should order discovery because Harvard has challenged jurisdiction and venue.  Invitrogen further requests all reasonable expenses caused by Harvard's failure to fully and properly respond to Invitrogen's discovery requests.

## II.     STATEMENT OF FACTS

1. Invitrogen properly served Document Request Nos. 1-31 (Pl.'s Req. Docs. Ex. 1), Interrogatory Nos. 1-8 (Pl.'s Interrogs. Ex. 2), and a notice of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (Notice of Dep. Ex. 3) by mail on Harvard on July 17, 2007.

2. After a series of telephone and email correspondence between counsel for Invitrogen and Harvard in which Harvard indicated that it had not formed an opinion on whether it believed discovery was proper, Harvard sent an email to Invitrogen four days before responses to Invitrogen's document requests and interrogatories were due which reads: "[w]e have concluded that you had no right to file the discovery that you served and thus we have no obligation to respond."  E-mail from R. Warburg to J. Hamilton (Aug. 16, 2007) Ex. 9.

3. Harvard's responses to Document Request Nos. 1-31 and Interrogatory Nos. 1-8, were due August 20, 2007.

4. Harvard did not respond to Document Request Nos. 1-31 or Interrogatory Nos. 1-8 or move for a protective order.

5. The deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure was noticed for September 6, 2007.

6. Harvard did not object to any topic in the 30(b)(6) notice or produce a witness or move for a protective order.

### III. DISCUSSION

**A.   THIS ACTION IS NOT SUBJECT TO THE MORATORIUM ON DISCOVERY UNDER FED. R. CIV. P. 26(d)**

As set forth in Rule 26(d) of the Federal Rules of Civil Procedure:

> Timing and Sequence of Discovery.  Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)….

Rule 26(a)(1)(E) provides: "The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):  (i) an action for review on an administrative record."

An action under 35 U.S.C. § 146 is an action for review of an administrative record. *See Conservolite, Inc. v. Widmayer*, 21 F.3d 1098, 1102 (Fed. Cir. 1994) ("an action under § 146 is essentially a proceeding to review the action of the Board.").  Thus, an action under Section 146 is exempt from the moratorium on discovery under Rule 26(d).  Indeed, this is set forth in advisory committee notes, which state:

> The categories of proceedings listed in subdivision (a)(1)(E) are also exempted from the subdivision (f) conference requirement and from the subdivision (d) moratorium on discovery.

Fed. R. Civ. P. 26 advisory committee notes (2000 amendment, subdivision (a)(1)).

If a party serves discovery in an action exempt from the moratorium on discovery, the advisory committee notes provide explicit instructions on how to respond to the discovery:

> Should a defendant need more time to respond to discovery requests filed at the beginning of an exempted action, it can seek relief by motion under Rule 26(c) if the plaintiff is unwilling to defer the due date by agreement.

*Id*.

The present action is a civil action to remedy the decisions and judgment of the Board of Patent Appeals and Interferences ("Board") of the United States Patent and Trademark Office ("USPTO") adverse to party Chatterjee in Interference No. 105,292 ("the '292 Interference"), titled "Deb K. Chatterjee, Junior Party, (Application 09/558,421), v. Stanley Tabor and Charles Richardson, Senior Party, (Patent 5,614,365)," as provided for by 35 U.S.C. § 146.  (Compl. Ex. 4

1  ¶ 1.) The USPTO is an administrative agency and the decisions and judgment of the Board in the
2  '292 interference comprise an administrative record.  Thus, the present action is exempt from the
3  moratorium on discovery set forth in Rule 26(d).
4       Invitrogen served document requests, interrogatories, and a 30(b)(6) deposition notice on
5  Harvard on July 17, 2007.  The discovery requested is directly related to and necessary for
6  Invitrogen's Opposition to Harvard's motion challenging jurisdiction and venue, which is due
7  October 22, 2007.  The Federal Rules require that Harvard either timely respond to the discovery
8  requests or move for a protective order under Rule 26(c).  Harvard chose to ignore the discovery
9  requests.
10      Prior to serving the discovery requests, Invitrogen notified Harvard that it intended to
11 serve discovery in response to Harvard's Motion to Dismiss.  In connection with Harvard
12 agreeing to an extension of time for Invitrogen to respond to Harvard's Motion to Dismiss,
13 Invitrogen agreed as follows:

> In view of the parties' agreement to discuss the scope of Invitrogen's
> discovery requests served Tuesday, July 17, 2007 regarding jurisdiction
> and venue, Invitrogen is amenable to extending the time for Harvard to
> respond to the discovery requests or move for a protective order if a
> resolution cannot be reached by the parties.

17 E-mail from J. Hamilton to R. Warburg (July 19, 2007) Ex. 7.
18      Counsel for Invitrogen and Harvard, engaged in a series of telephone conversations and
19 numerous email and letter correspondence regarding Invitrogen's discovery requests.  For
20 example, in a telephone conference on August 7, 2007, Harvard rejected Invitrogen's offer of an
21 extension of time to respond to the discovery requests.  Letter from M. Wise to R. Warburg (Aug.
22 8, 2007) Ex. 11.  Subsequently, in a telephone conversation on August 10, 2007, almost one
23 month after Invitrogen first notified Harvard that it required discovery in response to Harvard's
24 Motion to Dismiss based on jurisdiction and venue, Harvard stated that it had not yet formed a
25 position regarding the propriety of Invitrogen's discovery requests.  E-mail from J. Hamilton to R.
26 Warburg (Aug. 15, 2007) Ex. 8.  In an email correspondence on August 15, 2007, Invitrogen once
27 again offered to reconsider an extension of time despite Harvard's earlier rejection.  *Id.*  Harvard
28

1  responded in a four sentence email on August 16, 2007, three days before its responses were due,
2  which reads, "[w]e have concluded that you had no right to file the discovery that you served and
3  thus we have no obligation to respond." E-mail from R. Warburg to J. Hamilton (Aug. 16, 2007)
4  Ex. 9.

5  By failing to respond to Invitrogen's requested discovery or move for a protective order,
6  Harvard has waived all objections to this discovery.  Harvard waived any objection based on Rule
7  26(d) because it did not serve a response to the discovery requests and interrogatories separately
8  and in writing as required by Rules 33(b) and 34(b), produce a witness pursuant to Rule 30(b)(6),
9  or move for a protective order pursuant to Rule 26(c). Fed. R. Civ. P. 33(b), 34(b), and 37(d)
10 ("The failure to act described in this subdivision may not be excused on the ground that the
11 discovery sought is objectionable unless the party failing to act has a pending motion for a
12 protective order as provided by Rule 26(c)."). *See*, *e.g.*, *Richmark Corp. v. Timber Falling*
13 *Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("a failure to object to discovery requests
14 within the time required constitutes a waiver of any objection."); *Davis v. Fendler*, 650 F.2d
15 1154, 1160 (9th Cir. 1981)("in the absence of an extension of time or good cause, the failure to
16 object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any
17 objection.").  Harvard has waived all other objections to the requested discovery for the same
18 reasons.

19 **B.  INVITROGEN'S DISCOVERY REQUESTS ARE PROPER**

20 "'Discovery…should be granted where pertinent facts bearing on the question of
21 jurisdiction are controverted…or where a more satisfactory showing of the facts is necessary.'"
22 *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (citations
23 omitted) (compelling discovery where the defendant, a private university, admitted some contacts
24 with the jurisdiction but contended that those contacts were insufficient to establish jurisdiction).
25 To oppose discovery related to jurisdiction, a defendant must meet the "relatively high burden of
26 establishing that 'it is clear that further discovery would *not* demonstrate facts sufficient to
27 constitute a basis for jurisdiction.'" *Id.* (emphasis in original).  There is a "fundamental difference
28 between a declaration or affidavit that attests to a defendant's lack of contacts with the forum state

1 and one that admits contacts but concludes they do not matter." *Id.* In such a circumstance
2 affidavits are insufficient and discovery should be compelled. *Id.* at 674-675.

3     Similar to the declarations submitted by the Defendants in *Orchid*, Harvard's declarations in support of its Motion to Dismiss admit significant contacts in California, but conclude that such contacts are insufficient to establish personal jurisdiction. (Def.'s Mem. Supp. Mot. Dismiss. Ex. 5 at 9:11.) The contacts admitted by Harvard include: offices in California (Lopez Decl. Ex. 6. at ¶ 3); employees in California (Lopez Decl. Ex. 6. at ¶ 3); filing and paying taxes in California (Lopez Decl. Ex. 6. at ¶ 7); having a registered agent for service of process in California (Def.'s Mem. Supp. Mot. Dismiss. Ex. 5 at 10:10-11), and owning land in California (Def.'s Mem. Supp. Mot. Dismiss. Ex. 5 at 10:3-5). Harvard further denies facts related to jurisdiction and venue merely upon information and belief. (Lopez Decl. Ex. 6. at ¶¶ 6, 10, and 11.) In view of these admitted contacts, pertinent facts bearing on the question of jurisdiction are controverted and discovery is necessary and proper.

    The discovery requested by Invitrogen is in compliance with the discovery permitted in *Orchid*. The facts in *Orchid* are very similar to those in the present case as *Orchid* also involved a university that contested jurisdiction in a patent case in the Southern District of California. *Id.* at 671-72. The discovery requested by Invitrogen is limited to jurisdiction and venue, and is in accordance with the discovery requested and compelled in *Orchid* as set forth in the Joint Discovery Conference Statement with respect to each request. Therefore, because the discovery requests in *Orchid*, some in their original form and others slightly modified by the court, were deemed proper and of the type that may uncover additional information bearing on the jurisdictional inquiry, Invitrogen's similar discovery requests should also be deemed proper.

### C. THE MORATORIUM ON DISCOVERY SHOULD BE LIFTED WHEN JURISDICTION IS CONTESTED

For actions subject to the discovery hold set forth in Rule 26(d), discovery should be allowed when the defendant challenges jurisdiction. In reference to the hold on discovery pursuant to Rule 26(d), the advisory committee notes, read:

> Discovery can begin earlier if authorized ... by local rule, order or stipulation.... This will be appropriate in some cases, such as those

> involving requests for a preliminary injunction or motion challenging personal jurisdiction.

Fed. R. Civ. P. 26 advisory committee notes (1993 amendments, subdivision (d)).

Harvard contested jurisdiction and venue in this action. (Def.'s Mem. Supp. Mot. Dismiss. Ex. 5.) Even if the Court determines that the present action is not exempt from the hold on discovery pursuant to Rule 26(d), the Court should compel Harvard to produce discovery in response to Invitrogen's discovery requests, which as set forth in the Joint Discovery Conference Statement, relate only to the contested issues of jurisdiction and venue.

**D.   INVITROGEN REQUESTS DENIAL OF HARVARD'S MOTION OR IN THE ALTERNATIVE HARVARD BE COMPELLED TO RESPOND, AND INVITROGEN'S FEES AND COSTS ASSOCIATED WITH THIS MOTION**

Pursuant to Rules 37(d) and 37(b)(2)(C) of the Federal Rules of Civil Procedure, if a party fails to appear for a properly noticed deposition, serve answers or objections to properly served interrogatories, or serve a response to a request for inspection under Rule 34, the court may make "[a]n order striking out pleadings…or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Because Harvard failed to respond to any of the discovery served by Invitrogen relating to jurisdiction and venue and instead chose to take no action, Harvard's pending Motion to Dismiss should be denied.

In the alternative, Harvard should be compelled to immediately respond to Invitrogen's document requests, interrogatories, and 30(b)(6) notice of deposition. Fed. R. Civ. P. 37(a)(2)(B).

"In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified…." Fed. R. Civ. P. 37(d). Harvard should be required to pay Invitrogen's reasonable expenses caused by Harvard's failure to fully and properly respond to Invitrogen's discovery requests for the reasons set forth herein.

## IV. CONCLUSION

For the aforementioned reasons, Harvard has failed to respond to Invitrogen's discovery without just cause. Accordingly, Invitrogen requests denial of Harvard's motion or in the alternative Harvard be compelled to respond, and that Harvard pay Invitrogen's fees and costs associated with this motion.

DATED: September 14, 2007             **PERKINS COIE LLP**

By: /s Joseph P. Hamilton
      Joseph P. Hamilton, Bar No. 211544
      JHamilton@perkinscoie.com

Attorneys for Plaintiff
Invitrogen Corporation

**PROOF OF SERVICE – ELECTRONIC TRANSMISSION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am and was at all times herein mentioned employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action or proceeding. My business address is 1620 26th Street, Sixth Floor, Santa Monica, California 90404.

    On September 14, 2007, I electronically served **MEMORANDUM OF POINTS AN AUTHORITIES IN SUPPORT OF INVITROGEN'S MOTION TO COMPEL DISCOVERY** on the interested parties in this action via the CM/ECF system addressed as follows:

    **Richard J. Warburg**
    **Foley & Lardner**
    **402 West Broadway, Suite 2100**
    **San Diego, CA  92101-3542**
    **Tel:    (619) 234-6655/Fax:  (619) 234-3510**
    **rwarburg@foley.com**

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on September 14, 2007, at Santa Monica, California.

                                          /s Joseph P. Hamilton
                                          Joseph P. Hamilton, Bar No. 211544
                                          JHamilton@perkinscoie.com