1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

INVITROGEN CORPORATION, a Delaware
Corporation,

11

Civil No.    07-cv-0878-JLS (POR)

Plaintiff,

12

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND GRANTING IN
PART AND DENYING IN PART
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER**

13

v.

14

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE, a Massachusetts
Corporation,

15

**[Doc. Nos. 16, 17]**

16

Defendant.

17
18

   On September 20, 2007 the Court held a discovery conference in this matter.  Richard J.

19

Warburg appeared on behalf of Defendant.  Joseph P. Hamilton appeared on behalf of Plaintiff. The

20

parties filed a Joint Discovery Conference Statement on September 14, 2007.  Plaintiff is seeking a

21

court order for pre-answer discovery and Defendant is seeking a protective order denying or limiting

22

the discovery requested by Plaintiff.

23

**I. BACKGROUND**

24

   Plaintiff  Corporation filed the present action on May 15, 2007, seeking to remedy an adverse

25

decision by the Board of Patent Appeals and Interferences of the United States Patent and

26

Trademark Office, as provided for by 35 U.S.C. § 146 (2007).  Plaintiff claims to be the first

27

inventor of a patent relating to the discovery of a class of mutant DNA polymerase enzymes that

28

enable the transformation of DNA sequencing from an expensive laboratory technique to an

1   inexpensive and widely available analytical tool. (Docket No. 1, Exhibit B at 12.)  In a decision by

2   the Board, the patent rights to this method was decided in favor of inventors Stanley Tabor and

3   Charles Richardson, who had assigned their rights to the invention to Defendant.

4       On July 2, 2007, Defendant filed a motion to dismiss for lack of personal jurisdiction and

5   improper venue, or in the alternative to transfer the case to the United States District Court for the

6   District of Massachusetts. (Docket No. 9.)  Defendant's motion argues that Defendant does not have

7   substantial, continuous and systematic contacts with the Southern District of California sufficient to

8   meet the Ninth Circuit's standard for general jurisdiction.  The motion further argues that the facts

9   relating to Plaintiff's claim have no connection to the Southern District of California, and therefore

10  venue in this Court is improper.

11      Following the filing of Defendant's motion to dismiss, Plaintiff served thirty-one document

12  requests, eight interrogatories and a deposition notice enumerating twenty-two subjects for

13  deposition, upon Defendant's counsel. (Docket No. 17-(3-5),  Exhibits 1-3.)  Plaintiff claims its

14  counsel has attempted, through a series of telephone conversations, emails and letter

15  correspondence, to discuss discovery requests, but despite these efforts, Defendant did not respond

16  to Plaintiff's discovery requests. (Id. at 4.)  Defendant alleges "Plaintiff disregarded the meet and

17  confer requirements of FRCP 26(d) and (f)." (Docket No. 16 at 1.)  Defendant claims that despite

18  counsel informing Plaintiff that discovery requests would be improper under FRCP 26; Plaintiff

19  proceeded to serve its requests. (Id. at 4.)

20      Plaintiff now seeks an order from the Court to compel the requested discovery.  Plaintiff

21  asserts first that responses are due without a court order because this action is a review of an

22  administrative decision and thus exempt from Rule 26(d)'s stay on discovery. (Docket No. 17 at 3-

23  5.)  Plaintiff further asserts that the discovery requests served on Defendant are proper because they

24  relate to the subject of Defendant's motion to dismiss for lack of personal jurisdiction. (Id. at 5-6.)

25  Finally, Plaintiff requests that the court sanction Defendant for its nonresponsiveness to the

26  discovery requests. (Id. at 7.)

27      In response, Defendant filed a cross motion seeking a protective order denying or, limiting

28  Plaintiff's access to discovery at this time.  Defendant asserts that formal discovery is not yet

07cv878

appropriate in this case because there has been no 26(f) conference and because this case is not covered by Rule 26's exception for reviews of administrative decisions. (Docket No. 16 at 4-6.) Defendant also asserts that Plaintiff's requests are not justified because Plaintiff will not be able to demonstrate proper venue in the Southern District of California. (Id. at 6-7.)  Defendant points to the declaration of Harvard's University Attorney Diane Lopez, submitted in support of the motion to dismiss, as a reason to deny Plaintiff's motion, because that declaration admits all of Defendant's contacts with California and because these admissions fall short of establishing either personal jurisdiction or proper venue. (Id. at 7.)  If the Court grants Plaintiff's motion to compel, Defendant requests that discovery be limited to the issue of venue. (Id. at 10.)

## II. DISCUSSION

Federal Rule of Civil Procedure 26(d) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d).

Plaintiff contends that discovery is allowable on jurisdictional issues because the action falls under the listed 26(a)(1)(B) categories.  Rule 26(a)(1)(B)(I) makes "an action for review of an administrative record" exempt from initial disclosures and from 26(d)'s stay on formal discovery. The Advisory Committee Notes to the 2000 Amendments to Rule 26, state that this exemption "should not apply to a proceeding in a form that commonly permits admission of new evidence to supplement the record."   The present action, filed under 35 U.S.C. § 146, does not fall within this exemption.

The parties agree that no 26(f) conference has occurred.  Neither has there been a stipulation between the parties allowing for discovery.  Thus, the Court examines the motion for good cause to issue an order opening discovery in this case.

### A. Good Cause Standard

Plaintiff's motion to open formal discovery in this case falls under the Court's general discretion to engage in case management.  A party seeking expedited discovery must demonstrate "good cause" for the early discovery. Semitool, Inc. v. Tokyo Electron America, 208 F.R.D. 273

(N.D. Cal. 2002); <u>Yokohama Tire Corp. v. Dealers Tire Supply, Inc.</u>, 202 F.R.D. 612, 614 (D. Ariz. 2001).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." <u>Semitool</u>, 208 F.R.D. at 276.

Similarly, a good cause standard applies to Defendant's cross-motion.  "[W]hen a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003).

**B. Balance of Competing Interests**

The Plaintiff's need for early discovery in this case is the necessity to make a prima facie case for personal jurisdiction and for proper venue, so as to oppose Defendant's motion to dismiss. The Advisory Committee Notes to the 1993 Amendments to Rule 26, state that a court order opening discovery is appropriate in cases involving "motions challenging personal jurisdiction." Fed. R. Civ. P. 26 advisory committee's note (1993 amendments, subdivision (d)).  "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." <u>Laub v. United States DOI</u>, 342 F.3d 1080, 1093 (9th Cir. 2003) (citations and quotations omitted).

Here, Plaintiff claims there are sufficient California contacts to warrant jurisdiction, and Defendant counters by admitting limited California contacts but arguing they are insufficient in the Southern District of California.  Plaintiff is not required to establish a prima facie case of personal jurisdiction prior to conducting discovery related to jurisdictional issues raised by defendant's motion to dismiss. <u>Orchid Biosciences, Inc. v. St. Louis University</u>, 198 F.R.D. 670, 673 (S.D.Cal. 2001). Jurisdictional facts are contested in this case and more facts may assist the District Court in resolving this issue. <u>Laub</u>, 342 F.3d at 1093.  "Plaintiff should be allowed [to] explore the quality, quantity and nature of all of Defendant's contacts with this forum and draw its own conclusions and proffer its own arguments as to whether Defendant should be subject to personal jurisdiction in this Court." <u>Orchid</u>, 198 F.R.D. at 674.

1    Defendant opposes Plaintiff's motion by claiming that the discovery requests served by

2   Plaintiff are overly broad, irrelevant, and burdensome. (Docket No. 15 at 1.) Defendant objects that

3   the requests are not limited in scope as to time and are vague and ambiguous. (Id.) Moreover,

4   Defendant contends that the requests are not focused on venue issues relating to the Southern

5   District of California. (Id. at 3.) Defendant characterizes Plaintiff's requests as an overbroad fishing

6   expedition. (Docket No. 16 at 7.) Additionally, Defendant claims that the discovery sought is overly

7   broad, irrelevant and unnecessary and would be an administrative burden and costly if Defendant

8   was required to produce the vast amount of information responsive to the discovery requests. (Id. at

9   6.)

10    The Court weighs the benefit to the administration of justice against the possible prejudice or

11   hardship placed on Defendants.  Despite Defendant's limited admissions of contacts, there remain

12   controverted jurisdictional questions, thus there is good cause to allow further discovery.  In order

13   for Plaintiff to make a prima facie showing of jurisdiction in the Southern District of California, or

14   alternatively, to counter Defendant's motion to dismiss for improper venue, expedited discovery is

15   needed.

16    Defendant's argument that discovery requests, as served, are overly burdensome is accurate.

17   Plaintiff's requests for production do not specify any particular time frame, nor are they limited to

18   jurisdiction or venue in the Southern District of California. (Docket No. 15 at 1-46.) Also Defendant

19   need not produce relevant information in multiple forms.  Defendant claims general inconvenience

20   in responding to the requests, as served, inasmuch as the amount of documents would be vast and

21   costly.

22    Consequently, an order granting limited discovery is required to protect Defendant from the

23   undue burden of producing responses to Plaintiff's overly broad discovery requests, and to afford

24   Plaintiff the opportunity to obtain evidence to prove its jurisdictional claim.

25                                 **III. CONCLUSION**

26    For the reasons set forth above, Plaintiff's Motion to Compel Discovery is GRANTED in

27   part.  Defendant's request for a protective order is GRANTED in part, and DENIED in part.  The

28

Court hereby ORDERS that Defendant shall respond to limited discovery requests by Plaintiff. Discovery shall be limited such that:

(1) Plaintiff may reserve a request for discovery either in the form of a deposition or by interrogatory.  If by deposition, the deposition shall be taken on or before **October 15, 2007** in Massachusetts unless the parties agree to another location.  If discovery is requested by interrogatory, the request shall be limited to 35 interrogatories and shall be promptly served such that responses may be served on or before **October 15, 2007**.

(2) Requests for discovery shall be limited to a specific time period relevant to the complaint.

(3) Requests for discovery shall be limited to information pertaining to the parties' activities in the Southern District of California or to information that could make a prima facie case that Plaintiff's claim arises from Defendant's activities in the Southern District of California.

Plaintiff's request for sanctions is DENIED.  If any disputes arise pertaining to the limited discovery on jurisdictional facts, the parties are to jointly contact the Court.

IT IS SO ORDERED

DATED:  October 2, 2007

_____
LOUISA S PORTER
United States Magistrate Judge

07cv878